### HOHL v. HEWITT MOTOR CO.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS — NEGLIGENCE.

The operator of a lathe in a machine shop and a blacksmith employed in the shop to temper the steel portions of lathes are fellow servants, and in the absence of evidence of the incompetency of the blacksmith, or of his negligence in tempering the steel in the lathe, or of defects in the quality of the steel itself or the appliances for tempering it, the employer is not liable for injuries sustained by the operator in consequence of the steel in the lathe bursting shortly after the same had been tempered by the blacksmith.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 486–489.]

Appeal from Appellate Term.

Action by Max P. Hohl against the Hewitt Motor Company. From a determination of the Appellate Term (103 N. Y. Supp. 755), reversing an order of the Municipal Court setting aside a verdict in favor of plaintiff and granting a new trial, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Winter & Winter, for appellant.

Charles La Rue, for respondent.

SCOTT, J. The defendant appeals from an order of the Appellate Term, reversing an order of a justice of the Municipal Court setting aside the verdict and directing a new trial.

Plaintiff, a machinist in defendant's employ, was engaged in operating a lathe, when a part called the "back center," broke and a splinter of steel pierced the plaintiff's eye. This back center had recently been tempered by a blacksmith, also in defendant's employ, and the evidence was to the effect that the breakage occurred because of the high temper to which the steel had been brought, although there was nothing in the appearance of the steel before the fracture from which any one could have detected the fact that the steel had been so highly tempered as to have become brittle. Neither the complaint nor the notice of the accident which was served upon defendant specifies the particular negligence with which the defendant is charged, and it is quite certain that the evidence fails to establish any common-law liability. It appears that the tempering of this piece of steel was a not unusual incident of the general work of the shop. The back center which broke was a part of the machine which should be kept true, and which at times got out of true. When this happened, it was the duty of the machinist operating the lathe to true it up, which necessitated taking out the temper and then retempering. This retempering was sometimes done by the machinist himself, or he might, as did this plaintiff, give the piece of metal to the blacksmith employed in the shop to be retempered.

The blacksmith was certainly a fellow employé, and there is not the slightest evidence that he was not entirely competent for the work he was employed to do, or that he was careless or negligent in the performance of the particular work involved in tempering the piece of steel, or that the steel itself and the appliances for tempering it were not of proper quality. We are unable to find in the evidence any ground upon which a verdict in favor of the plaintiff could have been justified, and the trial justice was right in setting it aside.

It follows that the determination of the Appellate Term must be reversed, and the order of the trial justice affirmed, with costs to the appellant in this court and at the Appellate Term to abide the event. All concur.